07-5035-ag (L); 08-3877-ag (Con)
Dong v. Holder

BIA
Weisel, IJ
A098 413 257

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of August, two thousand ten.

PRESENT: DENNIS JACOBS,
             *Chief Judge*,
         JON O. NEWMAN,
         PIERRE N. LEVAL,
             *Circuit Judges*.

_____

JUHUA DONG,
        *Petitioner*,

                                          07-5035-ag (L);
        v.                                08-3877-ag (Con)
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,*
        *Respondent*.

_____

FOR PETITIONER:        Theodore N. Cox, New York, New York.

_____

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

051710-20

**FOR RESPONDENT:** Michael F. Hertz, Acting Assistant Attorney General; David V. Bernal, Assistant Director; Jesse M. Bless, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Petitioner Juhua Dong, a native and citizen of the People's Republic of China, seeks review of: (1) a November 2, 2007 order of the BIA, reversing the June 22, 2005 decision of Immigration Judge ("IJ") Robert D. Weisel insofar as it pretermitted her application for asylum as untimely and affirming the IJ's decision insofar as it denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Juhua Dong*, A098 413 257 (B.I.A. Nov. 2, 2007), *aff'g* No. A098 413 257 (Immig. Ct. N.Y. City June 22, 2005); (2) a November 2, 2007 order of the BIA denying her motion to reopen, *In re Juhua Dong*, A098 413 257 (B.I.A. Nov. 2, 2007); and (3) a July 23, 2008 order of the BIA denying her motion to reconsider, *In re Juhua Dong*, No. A098 413 257 (B.I.A. July 23, 2008). We assume the parties' familiarity with the underlying facts and

procedural history in this case.

When the BIA issues an independent decision on remand, we review the BIA's decision alone. *See Belortaja v. Gonzales*, 484 F.3d 619, 622-23 (2d Cir. 2007). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The BIA did not err in finding that the evidence in support of Dong's application for relief from removal did not establish that she has a well-founded fear of forced sterilization based on the birth of her U.S. citizen children. We have previously reviewed the BIA's consideration of evidence similar to that which Dong submitted and have found no error in its conclusion that such evidence is insufficient to establish an objectively reasonable fear of persecution. *See Jian Hui Shao*, 546 F.3d at 156-65.

Likewise, the BIA did not err in denying Dong's motion to reopen. Contrary to Dong's assertion that the BIA erroneously required her to satisfy a heightened burden of proof in support of her motion, the BIA did not err in declining to consider her previously available evidence, *see INS v. Abudu*, 485 U.S. 94, 104-05 (1988), and reasonably concluded that her previously unavailable evidence was not material to her motion because it would not support her ultimate claim of a well-founded fear of forced sterilization, *see Jian Hui Shao*, 546 F.3d at 168-72; *see also Matter of S-Y-G-*, 24 I & N Dec. 247, 251 (BIA 2007) (recognizing that a movant "must meet the heavy burden of showing that if proceedings before the immigration judge were reopened, . . . the new evidence offered would likely change the result in the case") (internal quotation marks omitted). Insofar as Dong argues that her due process rights were violated by the BIA's reliance on mistranslated country conditions evidence to deny her motion to reopen, she has no due process right in seeking a discretionary grant of a motion to reopen. *Cf. Yuen Jin v. Mukasey*, 538 F.3d 143, 156-57 (2d Cir. 2008) (holding that "an alien who has already filed one asylum application, been adjudicated removable and ordered deported, and who has nevertheless remained in the country illegally for several years, does not have a liberty

051710-20

-4-

or property interest in a discretionary grant of asylum").

Because Dong does not sufficiently challenge the BIA's dispositive determination that her motion to reconsider was untimely, we decline to review the BIA's denial of that motion. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk